```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|                                        |                         |
|----------------------------------------|-------------------------|
| THEODUS JORDAN,                        |                         |
|     Plaintiff,                         |                         |
| v.                                     | CIVIL ACTION            |
|                                        | NO. 13-cv-13197-WGY     |
| BOSTON PUBLIC SCHOOLS, and             |                         |
| MASSACHUSETTS COMMISSION               |                         |
| AGAINST DISCRIMINATION                 |                         |
|     Defendants.                        |                         |

YOUNG, D.J.                                          June 2, 2014

ORDER

## I.  Introduction

On December 5, 2013, Theodus Jordan ("Jordan") filed a complaint against the Boston Public Schools ("BPS") and the Massachusetts Commission Against Discrimination ("MCAD"), alleging that the BPS discriminated against him on the basis of gender, race, age, and disability when they refused to hire him for any full-time positions. See Compl., ECF No. 1.  Jordan also claims that the BPS conspired with the MCAD to prevent him from procuring a position with the BPS.  Id. ¶¶ 6, 8.  The BPS moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and seeks to enjoin Jordan from filing

1

future complaints in this court without prior judicial approval. Mot. Dismiss Failure State Claim, ECF No. 8; Mem. Law Supp. Def.'s Mot. Dismiss Compl. J. Pleadings ("Def.'s Mem.") 10, ECF No. 9. The Court took this motion under advisement at the April 4, 2014 motion session, allowing thirty days for Jordan to retain counsel, ECF No. 16, and provided Jordan an extension to seek counsel until May 9, 2014, although it denied a second motion to extend time. ECF Nos. 18, 20. To date, Jordan has not come before this Court with counsel.

On the merits, the Court GRANTS BPS' motion to dismiss, and further orders that Jordan be precluded from filing any additional pleadings against the BPS without first obtaining the prior written approval of a district court judge of the United States District Court for the District of Massachusetts.

II. **ANALYSIS**

A. **The Motion to Dismiss is Granted**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiffs are obligated to provide their grounds of entitlement to relief with more than "labels and conclusions." Id. at 555. Pro se plaintiffs have been afforded more liberal construction of their complaints than those drafted

by lawyers, Rodi v. Southern New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)), but they "may not rely on 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation.'" Baxter v. Conte, 190 F. Supp. 2d 123, 126 (2001) (quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)).

The complaint before this court is a reiteration of prior complaints brought before the MCAD and this district court. Jordan argues that the BPS discriminated against him on the basis of age, race, and disability, presumably in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Title VII, 42 U.S.C. § 2000e et seq., and Massachusetts General Law Chapter 151B. See Compl. at 1; Compl., Ex. 1, MCAD Compl. 5, ECF No. 1. Jordan further alleges that the BPS retaliated against him for filing prior discrimination complaints against them. Compl. at 1.

The complainant has the burden of establishing a prima facie case of discrimination, which requires a showing that he (1) belonged to a protected class (or is over the age of forty in an ADEA context); (2) applied to and was qualified for the job in question; (3) despite his qualifications, was not hired for the position; and (4) after not being hired, the position remained open and the employer continued to seek applicants from

persons of complainant's qualifications. <u>McDonnell Douglas Corp.</u> v. <u>Green</u>, 411 U.S. 792, 802 (1973); <u>Velez</u> v. <u>Thermo King de Puerto Rico, Inc.</u>, 585 F.3d 441, 447 (1st Cir. 2009). Jordan is a sixty-four year old black male, MCAD Compl. 5, holds master's degrees in education and counseling as well as a state teaching license, Compl., Ex. 3, Support Documents 4-7, and has not been hired for any full-time positions at the BPS. See Compl. He fails, however, to demonstrate "any singular identifiable job that he was qualified and not hired for." Mem. Law Supp. Def.'s Mot. Dismiss Compl. J. Pleadings ("Def.'s Mem.") 4, ECF No. 9.

Rather, Jordan claims to have submitted "1800+ resumes-based entirely on the basic requirements, qualifications, skills require[d] and the job-description itself," which ranged from paraprofessional positions to administrative positions. Compl., Ex. 3, Partial Listings of Job Applications, ECF No. 1. For example, Jordan applied to be a school disciplinary officer, human resources staffing manager, data analyst, and a high school principal, although he has only served as a substitute teacher since 1987. Compl., Ex. 5 Job Application Responses, ECF No. 1; Compl., Ex. 6, ECF No. 1. In regards to these numerous applications, a BPS human resources senior advisor testified in an affidavit that Jordan "does not fit the profile of an applicant with a definitive set of career goals." Compl.,

Ex. 2, Affidavit of Joseph Shea ¶¶ 9-12, ECF No. 1 (noting that Jordan had applied to a "wide variety of positions, most of which Mr. Jordan was not qualified for."). Because of the sheer variety and quantity of jobs Jordan applied for, the Court is unable to systematically determine the extent to which Jordan was qualified for any particular position. Further, Jordan's performance history with the BPS, receiving poor performance reviews from his last full-time teaching position, and requests from several schools that he not return as a substitute teacher, suggests that other reasons exist for his inability to procure a full-time position with the BPS. Id. ¶ 16.

In addition, the Court determines that Jordan fails to demonstrate specific facts and incidents to support any inference of discrimination based on race, age, or disability. Jordan only makes broad assertions that the BPS systematically kept black males out of their schools, that "violent" racial threats were made against him, and that "younger, White and Hispanic" individuals were hired for the positions he applied for. Compl. ¶¶ 1-2, 13; see also Compl., Ex. 1, Investigative Disposition 1, ECF No 1. Jordan does not provide the dates or specific parties involved in these incidents, nor does he provide any facts regarding actual hires for positions he had applied for. Further, while Jordan avers that he was discriminated against based on a disability, the Court could

only find from a 2008 MCAD complaint that he suffered from "leg and foot injuries" from military service in the 1970s, with no explanation as to how or when this alleged disability became the basis for discrimination. Compl. at 1.

As for Jordan's retaliation claim, this Court refers to the MCAD's 2012 Investigative Disposition, in which the MCAD determined that Jordan could not establish a nexus between his prior complaints against the BPS and his inability to secure a full-time position in 2009. Investigative Disposition 4 (determining that the "adverse action is therefore not proximate enough to the protected activity for the Commission to infer retaliatory motive."). Jordan provides no clear evidence in his current complaint from which the Court can infer retaliation, and thus, he is unable to establish a nexus between the filing of prior complaints against the BPS and his current inability to procure a job. The BPS' motion to dismiss is therefore GRANTED.

### B. Jordan is Enjoined From Filing Future Complaints Against the BPS

A district court has the discretionary power to enjoin litigants from "filing and processing frivolous and vexatious lawsuits." Elbery v. Louison, 201 F.3d 427 (1st Cir. 1999), citing Castro v. United States, 775 F.2d 399, 410 (1st Cir.1985) (per curiam). The First Circuit instructs that such injunctions be "narrowly drawn to fit the specific vice encountered." Id.

6

A district court must also provide prior notice to the litigant that filing restrictions may be imposed, and the litigant must have an opportunity to respond before any such injunction granted. Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993) ("Adequate notice may be informal but should be afforded.").

The BPS requests that this Court enjoin Jordan from filing future complaints without first seeking judicial approval, because Jordan has been "re-casting" the same complaint in various forms since 1991. Def.'s Mem. 5. Jordan's litigation history includes: (1) a 1991 action in Massachusetts Superior Court alleging negligence and a right to tenured employment against the BPS; (2) a 1992 MCAD complaint alleging racial discrimination, which was appealed to the Massachusetts Superior Court and Court of Appeals, affirming entry of summary judgment in favor of BPS; (3) a 1996 complaint filed with the MCAD and EEOC alleging that the BPS had racially discriminated against him when it refused to hire him; (4) a 2001 complaint with MCAD and EEOC alleging race, age, and gender-based discrimination and retaliation by the BPS when it refused to hire him; and (5) a 2004 action in this court alleging wrongful termination, race, age, gender, and disability-based discrimination, and retaliation against the BPS, which resulted in summary judgment for the BPS and was subsequently upheld by the First Circuit.

Id. at 6-7. All of these actions resulted in either dismissals or summary judgment in favor of the BPS. Id.

Here, Jordan's recurring litigious history against the BPS in multiple fora supports the need for a filing restriction. Although Jordan has only filed one prior case against the BPS in this particular court, Jordan's continuing efforts to pursue essentially the same case against the BPS in court and before the MCAD are repetitive and lacking in any arguable basis in law or fact. The Court therefore, GRANTS the BPS' request for an injunction.

### III. CONCLUSION

Jordan was properly given notice at the April 4, 2014 motion session that the imposition of an injunction was contemplated by the Court, Cok, 985 F.2d at 35, and this Court hereby ORDERS:
1. That this civil action be dismissed.
2. That Jordan be precluded from filing any additional papers, claims, cases, files, complaints, or anything resembling those pleadings, or any other documents against the BPS in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of the United States District Court for the District of Massachusetts.

3. That if Jordan undertakes to file any additional papers in this Court, he shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order including the attachments, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for approval or disapproval of the petition.

4. That this order does not apply to the filing of a timely notice of appeal from this order to the First Circuit Court of Appeals and papers solely in furtherance of such an appeal.

5. That a copy of this Memorandum and Order shall be distributed to each District Judge's session.

6. That Jordan is advised that failure to comply with these requirements may result in the imposition of additional sanctions, including monetary fines.

**SO ORDERED.**

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE